IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RYAN EUGENE MURRAY<br>MONICA C. MURRAY<br><br>    Plaintiffs,<br><br>vs.<br><br>WILLIAM TRULY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 3:09-00359<br>) JUDGE ECHOLS/KNOWLES<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Dismiss and/or Summary Judgment."[1] Docket No. 17. Plaintiff, pro se, has filed a Response.[2] Docket No. 21.

Plaintiff Ryan Murray filed his initial Complaint on March 23, 2009, alleging that Defendant is his father, that Defendant had acknowledged that he "knew or highly suspected" paternity, and that, from 1969 through 1975, Defendant had orally promised to "take responsibility" and support him and his mother, even though Defendant was never ordered by a court to do so. Docket No. 1. Plaintiff contends that Defendant is liable to him for that financial support, and that Defendant is under a moral and legal duty under the "'Calculus of negligence'

---

[1] While Defendant filed the Motion pro se, he is now represented by counsel.

[2] The initial Complaint in this action was filed solely by Plaintiff Ryan Murray. Docket No. 1. Mr. Murray subsequently filed an Amended Complaint indicating that his mother, Monica Murray, had been added as a Plaintiff. Docket No. 4. In his Amended Complaint, Plaintiff "added statements 11.5, and 14 to include her in the 1st Cause of Action." *Id.* Both Ryan Murray and Monica Murray signed the Amended Complaint. *Id.* The Court will hereinafter use the term "Plaintiff" to refer to Plaintiff Ryan Murray.

1

rule-(the cost of taking a D.N.A test < is less than the probability, 75%, of his paternity-times-the magnitude of loss, loss of consortium, loss of potential, etc.) to take more advanced paternity test [*sic*] as they became available." *Id.* Plaintiff Ryan Murray arguably invoked the diversity jurisdiction of the Court, stating, "I am suing the defendant for more than $75,000, and the case crosses state lines."[3] Docket No. 1, p. 1.

Plaintiff avers that he contacted Defendant on November 30, 2000 to ask him whether he would take financial responsibility for Plaintiff and his mother. *Id.* Plaintiff contends that, between November 30, 2000 and February 15, 2009, Defendant stated on various occasions that "he was willing to compensate [Plaintiff] financially for totally negating all of his fatherly responsibilities," but that Defendant failed to do so. *Id.* Plaintiff states that, in November 2008, Defendant paid $500 for a new DNA test and $500 to Plaintiff directly "as a show of good faith." *Id.* Plaintiff avers that the results of that DNA test indicated that Defendant was, in fact, his father, and that, in January 2009, Defendant "stated on the phone that he was aware of the cost of supporting a son through college; and that he would help me financially within a couple of days." *Id.* Plaintiff contends that Defendant failed to send money. *Id.*

Plaintiff argues that, in addition to breaching his "oral contract," Defendant has "assumed a moral/natural duty of any reasonable person to 'heal whom he has hurt'; and to 'some degree,' 'right the wrongs' he has committed." *Id.* Plaintiff further argues that "[t]he loss of consortium and potential caused by [Defendant's] absence as a father gives him 'a degree of culpability' in my life's negative trajectory." *Id.* Plaintiff additionally argues that Defendant has breached the

---

[3] Plaintiff's Complaint identifies Plaintiff as a resident of Tennessee, and Defendant as a resident of Mississippi. Docket No. 1, p. 1-2.

2

"Duty to Rescue or Restore doctrine," which "carries with it an implicit social contract." *Id.*

Plaintiff complains that the "cycle" of Defendant orally "promising" to compensate him financially has "continued for a total of 40 years." *Id.* Accordingly, Plaintiff seeks $95,000 in compensatory damages, $95,000 in "general damages," $95,000 in punitive damages, nominal damages, and "such further and other relief as the Court deems proper." *Id.*

On March 27, 2009, Plaintiff amended his Complaint to add his mother, Monica Murray, as a Plaintiff in this action. Docket No. 4. Plaintiff's Amended Complaint contains the same allegations of his initial Complaint, but adds the following two paragraphs:

> 11.5 The defendant Dr. William Truly, upon "D.N.A. Discovery" clearly assumed a duty to restore and make whole my mother in the amount of ½ the cost of supporting a son through college; which is roughly $300,000.00. Dr. Truly's half would be $150.000.00
> . . .
> 14. My mother Monica C. Murray is seeking compensatory damages in the amount of $150,000.00; general damages in the amount of $95,000.00; punitive damages in the amount of $95,000.00; Nominal damages, and such further and other relief as the Court deems proper.

*Id.*

Defendant argues that this case should be dismissed because: (1) this Court lacks jurisdiction and venue is improper; (2) res judicata bars this cause of action because Defendant prevailed after a jury trial in the Davidson County Juvenile Court when Plaintiff Monica Murray sought an Order of Paternity and child support; and (3) oral contracts that cannot be fully performed within one year are unenforceable under the Statute of Frauds. Docket No. 17. Defendant further argues that "Plaintiffs do not provide the specific terms of the contract in their pleadings," and that the Amended Complaint does not contain averments of time, terms and

3

place of formation of the contract, in violation of Tenn. R. Civ. P. 9.06.[4] *Id.* at 3.

It is unnecessary for the Court to consider Defendant's arguments in detail, other than the argument that Plaintiffs have failed to provide the specific terms of the contract. Additionally, while Defendant's Motion seeks "dismissal and/or summary judgment," the Court will treat the Motion as a Motion to Dismiss, rather than a Motion for Summary Judgment.

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

---

[4] While Plaintiff cites the Tennessee Rules of Civil Procedure than the Federal Rules of Civil Procedure, there is little difference between the two. Fed. R. Civ. P. 9(f) provides, "An allegation of time or place is material when testing the sufficiency of a pleading."

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

In order for a contract to be enforceable, the contract must: (1) result from a meeting of the minds; (2) be based upon sufficient consideration; and (3) be sufficiently definite to be enforced. *Peoples Bank of Elk Valley v. ConAgra Poultry Co.,* 832 S.W.2d 550, 553 (Tenn.App.1991), *citing Johnson v. Central National Insurance Co. of Omaha,* 210 Tenn. 24, 34-35, 356 S.W.2d 277, 281 (1962). Indefiniteness as to any essential element of an agreement may prevent the creation of an enforceable contract. *Id., citing Jamestowne on Signal, Inc. v. First Federal Savings and Loan Assoc'n.,* 807 S.W.2d 559, 564 (Tenn.App.1990). Additionally, an enforceable contract must be based upon sufficient consideration, which the Tennessee Supreme Court has approvingly defined as "something done, forborne, or suffered, or promised to be done, forborne, or suffered by the promisee in respect of the promise." *Danheiser v. Germania Savings Bank & Trust Co.,* 194 S.W. 1094 (Tenn. 1917) (citation omitted).

Most of the allegations of the Amended Complaint are conclusory legal allegations, not

factual allegations. The factual allegations that are present in the Amended Complaint, however, do not state a claim for breach of contract. Plaintiff has failed to allege factual matters that would even establish the existence of a contract, much less the breach thereof. There are simply no factual allegations in the Amended Complaint showing that Defendant ever made a definite promise to pay Plaintiff any definite amount of money. Plaintiff's strongest allegation in this regard is that Defendant "stated on the phone that he was aware of the cost of supporting a son through college was roughly $300,000.00; and that while he was incapable of giving me that amount, he felt he needed to do something significant to help me financially and that he would do so within a couple of days." Docket No. 3-1, p. 1. This allegation falls far short of showing an enforceable, definite promise.

Furthermore, Plaintiff has failed to allege any facts showing any consideration for any oral statements Defendant may have made.

Finally, with regard to Plaintiff Monica Murray, the Court has quoted above the two additional paragraphs relating to her claims that were added in the Amended Complaint. These allegations fail to state a claim upon which relief can be granted.

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED, and that this action be DISMISSED WITH PREJUDICE.[5]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

---

[5] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie*, 452 U.S. 394, 399 n.3. (1981); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004).

Case 3:09-cv-00359   Document 57   Filed 01/14/10   Page 6 of 7 PageID #: 200

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge