# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RYAN EUGENE MURRAY and ) | |
| MONICA C. MURRAY, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No. 3:09-0359 |
| ) | Judge Echols |
| WILLIAM TRULY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This is an action in which pro se Plaintiffs Ryan Murray and Monica Murray claim that Ryan Murray is the son of Monica Murray and Defendant William Truly. Plaintiffs seek to recover damages because Defendant William Truly allegedly has not supported Plaintiff Ryan Murray over the years.

The Magistrate Judge entered a Report and Recommendation (Docket Entry No. 57) in which he recommends that Defendant's Motion for Dismissal and/or Summary Judgment (Docket Entry No. 17) be granted and that this case be dismissed because Plaintiffs have failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In light of that recommendation, the Magistrate Judge also entered a second R & R (Docket Entry No. 64) in which he recommends that Plaintiffs' " Motion for Summary Judgment in the Matter of Unjust Enrichment" (Docket Entry No. 22) be denied. Plaintiffs have filed Objections to both R & Rs (Docket Entry Nos. 68, 70, 79 & 80) and the Defendant has filed a Reply (Docket Entry No. 78).[1]

---

[1] In between the time the Motions were filed by the parties and the entry of the R & Rs, Defendant, who was proceeding pro se, retained counsel. This prompted Defendant to file a Motion

1

Where a party files timely objections to a R & R which addresses a dispositive motion, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

According to the Amended Complaint, in 1969 Defendant "took a blood test indicating that he was [Ryan Murray's] father, but the order to pay child support was not given." (Amended Complaint at 3). Between that date and 1975, Defendant allegedly told Monica Murray that he knew Ryan Murray was his son "and that he would take responsibility and live up to his fatherly obligation to support" both Ryan Murray and his mother "once he established his medical practice." (Id.). Apparently, Defendant did not follow through on those alleged promises and on November 30, 2000, Ryan Murray contacted Defendant and asked him "if he would take some responsibility for being absent in my life by helping my mother and me financially." (Id.). Ryan Murray claims that between then and February 15, 2009, Defendant told him on several occasions that he knew or suspected that he was Ryan Murray's father and that he wanted to "resolve the matter" and financially compensate Plaintiffs. Although Defendant allegedly sent Ryan Murray a check for $500.00 in November 2008 for DNA testing and that testing allegedly established Defendant to be Ryan Murray's father, Defendant has not followed through with financial support. Plaintiffs claim that the cost of raising a son through college is approximately $300,000 and Defendant is obligated to pay one-half that amount. For their cause of action, Plaintiffs list "breach of contract."

---

for Continuance (Docket Entry No. 53) which related to the deadlines set forth in the Scheduling Order. In light of the fact that the Court will accept the recommendations of the Magistrate Judge and dismiss this case, the Motion for Continuance will be denied as moot.

In the initial R & R, the Magistrate Judge concluded that Plaintiffs' Amended Complaint does not establish a cause of action for breach of contract because there are no allegations showing a definite promise by Defendant, nor any facts showing consideration for the statements Defendant allegedly made in relation to his alleged paternity. Fairly construed, Plaintiffs' objections to the R & R do not appear to be with the Magistrate Judge's conclusion that Plaintiffs fail to state a plausible claim for breach of contract, but rather with the fact that the Magistrate Judge did not consider Plaintiffs' causes of action for unjust enrichment[2] and "duty of care."

As the Magistrate Judge correctly noted, Plaintiffs do not clearly set forth a claim for unjust enrichment in their Amended Complaint, but instead only allege a breach of contract. Regardless, Plaintiffs' allegations fail to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

To establish a claim for unjust enrichment, Plaintiffs must establish five elements. "Those elements are: (1) there must be no existing, enforceable contract between the parties covering the same subject; (2) the party seeking recovery must prove it provided valuable goods and services; (3) the party to be charged must have received goods and services; (4) circumstances must indicate that the parties involved in the transaction should have reasonably understood that the person

---

[2]Plaintiffs also argue that the Magistrate Judge did not consider their "counter arguments" on the issues of res judicata and the statute of limitations. However, the Magistrate Judge does not recommend dismissal based upon res judicata or statute of limitations grounds and therefore any failure to address Plaintiffs' opposition to dismissal on those grounds is immaterial.

3

providing the goods and services expected to be compensated; and (5) the circumstances must also demonstrate that it would be unjust for the party benefitting from the goods and services to retain them without paying for them." Rocky Top Realty, Inc. v. Young, 2010 WL 18777 at *2 (Tenn. Ct. App. 2010).

Here, Plaintiffs fail to plead factual content which would suggest that they provided valuable goods or services to the Defendant or that Defendant received such goods and service. This failure is fatal because "establishing that the plaintiff conferred an unjust benefit to the defendant is the most significant requirement of an unjust enrichment claim." Markow v. Pollock, 2009 WL 4980264 at *4 (Tenn. Ct. App. 2009). Further, Plaintiffs fail to plead facts which would suggest Defendant reasonably understood that Plaintiffs were providing services or benefits to him such that it would be unjust for him to have the benefit of such goods or services without payment for them.

Plaintiffs also claim Defendant has a "duty of care" which they describe as a moral obligation in the form of a "duty to one's creation." (Docket Entry No. 70 at 2). However, even if Defendant may be said to have a moral obligation to his purported offspring, it is not within this Court's purview to convert a generalized moral obligation into a specific legal duty. See, Monroe v. Standard Oil Co., 452 U.S. 549, 562 (1981).

Accordingly, the Court hereby rules as follows:

(1) The Reports and Recommendations of the Magistrate Judge (Docket Entry Nos. 57 & 64) are hereby ACCEPTED and APPROVED;

(2) Plaintiffs' objections to the Reports and Recommendations (Docket Entry Nos. 68, 70, 79 & 80) are hereby OVERRULED;

4

(3)  Defendant's Motion for Dismissal and/or Summary Judgment (Docket Entry No. 17) is GRANTED insofar as Defendant seeks dismissal of this action for failure to state a claim;

(4) Plaintiffs' "Motion for Summary Judgment in the Matter of Unjust Enrichment" (Docket Entry No. 22) is hereby DENIED;

(5)  Plaintiffs' claims against Defendant are hereby DISMISSED; and

(6)  Defendant's Motion for Continuance (Docket Entry No. 53) is hereby DENIED AS MOOT.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE